Hams Express, Inc., Appellant *v.* Commonwealth of Pennsylvania, Board of Finance and Revenue, Treasury Department, Appellee (2 Cases)

Argued September 9, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Frederick C. Sturm, III,* for appellant.

*R. Scott Shearer,* Deputy Attorney General, with him *Donald J. Murphy,* Deputy Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, September 28, 1976:
Appellant, a Pennsylvania corporation engaged in the business of carrying property for hire, appeals the denial by the Board of Finance and Revenue of two Petitions for Refund of Gross Receipts Tax Overpayments, one for 1971 and one for 1972. The refunds are requested on the basis of alleged deductions due for the payments of vehicle registration fees.

Appellant operates its business with leased and sub-leased vehicles owned by unrelated companies in the leasing business. Although the base agreements for such vehicles were to be adjusted for the increase or decrease of registration fees, there is no doubt that the lessors were obligated to, and did in fact, pay the registration fees.[1]

The relevant portion of the Gross Receipts Tax Act, Act of June 22, 1931, P.L. 694, *as amended,* 72 P.S. §2185, provides:

"[W]here any such company has paid to the Department of Revenue a registration fee or fees, as provided for by the laws of this Commonwealth, upon any motor vehicle or motor vehicles used in the business of carrying passengers or property for hire over the highways of this Commonwealth, it shall receive a credit in each settlement for gross receipts tax made hereunder to the extent of the total amount of the registration fee or fees paid for the calendar year of which the period covered by the settlement was a part."

Appellant here did not make a payment of registration fees to the Department of Revenue, a clear statutory prerequisite to receiving the credit. We must reject appellant's contention that it qualifies by indirectly making payment through the lessor.[2] It appears clear that appellant does make such indirect payment, however, it is equally clear that direct payment is mandated by the Act in order to qualify for the credit.

Appellant would enlarge the statute on the basis of the language of some legislators at the time of con-

---

[1] The instant leasing corporation could not itself take credit for the fees paid as it was not subject to the Gross Receipts Tax as it did not carry property for hire in Pennsylvania.

[2] The lease agreement provided that lessor would pay all license tag fees "at its sole cost and expense."

sideration of the legislation as reported in the *Legislative Journal.* The instant statute is clear and requires no investigation to interpret, but even if it did, the statements of a few legislators would not supply any aid. *Philadelphia v. Depuy,* 431 Pa. 276, 244 A.2d 741 (1968).

We must reject appellant's arguments that it has been forced to pay a double tax. The fact is appellant has never paid a registration fee, thus the only tax paid was the gross receipts tax. We must also reject appellant's contention that the appealed interpretation violates the uniformity clause of Article VIII, Section 1 of the Pennsylvania Constitution and the equal protection clause of the 14th Amendment of the United States Constitution. No unreasonable classifications are established. Appellant is treated as are all other companies transporting property or person for hire, and is only required to pay the fee to qualify for its deduction.

Accordingly, we will enter the following

### Order

Now, September 28, 1976, the appeals of Hams Express, Inc. from orders of the Board of Finance and Revenue, dated August 29, 1975, docket numbers C-974 and C-975, are dismissed and the orders are hereby affirmed.